United States District Court
Southern District of Texas

**ENTERED**

June 11, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **WILLIE LEON BARNES,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **1:25-cv-024** |
| | § | |
| **WILLACY COUNTY STATE JAIL**, | § | |
| **Warden Vigilante**, in his official | § | |
| capacity, | § | |
| **Officer P. Nieto**, in his official | § | |
| capacity, | § | |
| Defendants.[1] | § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Before the Court are Plaintiff Willie Leon Barnes's: (1) untitled complaint ("Complaint") [Dkt. No. 1]; (2) five untitled supplements ("First," "Second," "Third," "Fourth," and "Fifth Supplements," respectively) [Dkt. Nos. 2, 4, 14, 17, 24]; and (3) Oral Motion to Dismiss [Dkt. No. 26 at 11]. For the reasons discussed below, it is recommended that the Court: (1) **DISMISS WITHOUT PREJUDICE** Barnes's Complaint; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

---

[1] As discussed herein, at a *Spears* hearing, Barnes expanded his claims by adding Warden Vigilante and Officer P. Nieto as defendants. Dkt. No. 26 at 7–8.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[2]

Barnes, an inmate at the Willacy County State Jail, initiated this pro se action by filing his Complaint on December 18, 2024.  Dkt. No. 1 at 1.  On January 5, 2025, this case was transferred to the Brownsville Division of the Southern District of Texas.  Dkt. No. 3.  Barnes subsequently filed the First, Second, Third, and Fourth Supplements to his Complaint.  Dkt. Nos. 2, 4, 14, 17.

After an initial screening, the Court determined that Barnes's claims and the underlying factual bases for those claims are unclear.  Dkt. No. 20.  Accordingly, on November 5, 2025, the Court ordered Barnes to submit a more definite statement by December 5, 2025, to allow the Court to properly evaluate his claims.  *Id.* at 12.  In response to the Court's order [Dkt. No. 20], Barnes filed an untitled response ("Response"), explaining his inability to submit a more definite statement because he struggles to read and write.  Dkt. No. 21.  Accordingly, on December 22, 2025, the Court ordered Barnes to appear for a *Spears* hearing on January 8, 2026, "to help the Court 'decide how best to elicit the complainant's articulation of his grievance and the basis for making any credibility assessment needed.'"  Dkt. No. 22 at 2 (quoting *Johnson v. Jowers*, No. 94-10882, 1995 WL 71197, at *1 (5th Cir. 1995)).

On January 8, 2026, Barnes attended the *Spears* hearing.  *See* Minute Entry dated January 8, 2026.  The Court addressed Barnes, allowing him to explain the bases for his claims and the relief sought.  *See id.*  The Court notified Barnes that his responses would be used to supplement Barnes's Complaint.  Dkt. No. 26 at 10–11.  At the *Spears* hearing,

---

[2] Information obtained from Barnes's Complaint [Dkt. No. 1] and where necessary, his Supplements [Dkt. Nos. 2, 4, 14, 17, 24], and the *Spears* hearing transcript [Dkt. No. 26].

Barnes told the Court that he intends to bring in Willacy County State Jail, Warden Vigilante, and Officer P. Nieto as defendants to this action. *Id.* at 11.

The Court notified Barnes that, "by alleging a civil rights action, [he is saying] that [his] constitutional rights were violated … by both Mr. Officer Nieto and Warden Vigilante" and asked Barnes "[w]hat constitutional rights [he thought] were violated … because of Officer Nieto and Warden Vigilante's alleged actions." *Id.* at 9–10. Barnes did not identify any specific violations of his constitutional rights, but he answered, "[t]he rights of me having my personal property and by them not doing their job right, like they was supposed to." *Id.* at 10 (errors in original).

Near the end of the *Spears* hearing, the Court asked Barnes if there was anything else he would like the Court to know regarding his claims. *Id.* at 11. Barnes then requested the Court dismiss his case. *Id.* The Court liberally construes this request as a motion to dismiss under Federal Rule of Civil Procedure 41(a)(1)(A)(i) (hereinafter, "Rule 41(a)(1)(A)(i)"). *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (pro se filings are liberally construed). The Court, then, inquired of Barnes, "[you] would like to dismiss your Complaint against these individuals?;" Barnes responded, "[y]es, sir.[3]" Dkt. No. 26 at 11. Accordingly, the Court notified Barnes that it would grant Barnes's request to dismiss his claims against all Defendants. *Id.* at 12.

However, on January 15, 2026, Barnes filed his Fifth Supplement. Dkt. No. 24 at 1–2. In his Fifth Supplement, Barnes states he made his oral request to dismiss his case because he feared retaliation by the "1st shift officers" at the Willacy County State Jail. *Id.*

---

[3] The Court further notified Barnes if the Court granted his oral request for a dismissal, Barnes would not be entitled to a refund of the filing fees paid. *Id.*

Nevertheless, Barnes's Fifth Supplement does not help to clarify his claims. *See generally id.*

## II.    LEGAL STANDARDS

### A.    42 U.S.C. § 1983

Section 1983 provides a cause of action against any person acting under color of state law who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Section 1983, however, "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).

To establish a claim under § 1983, a plaintiff must: "(1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Mason v. Lafayette City-Par. Consol. Gov't*, 806 F.3d 268, 275 (5th Cir. 2015). "A plaintiff may not ... plead merely conclusory allegations to successfully state a [§] 1983 claim, but must instead set forth specific facts which, if proven, would warrant the relief sought." *Arnaud v. Odom*, 870 F.2d 304, 307 (5th Cir. 1989). Further, "[p]ersonal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983); *see Jolly v. Klein*, 923 F. Supp. 931, 943 (S.D. Tex. 1996) (Crone, J.) ("To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant.").

However, if an inmate initially does not adequately identify who allegedly violated his constitutional or federal rights but the information that would enable him to do so is "readily obtainable," his complaint should not be dismissed for failure to identify the alleged offenders. *Murphy v. Kellar*, 950 F.2d 290, 293 (5th Cir. 1992).

## B.    28 U.S.C. § 1915A Screening

"The Court shall review … as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court will dismiss the complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b).

A claim is frivolous if it has no arguable basis in law or fact. *Thompson v. Tex. Dep't of Crim. Just.*, 67 F.4th 275, 279 (5th Cir. 2023). "[A] complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Id.* A dismissal for failure to state a claim under § 1915A is governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 12(b)(6); *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002). "A complaint fails to state a claim upon which relief may be granted when it does not contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Cooper v. Bank of New York Mellon*, 713 Fed.Appx. 368 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail,

but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that the defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise the plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 55. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, the plaintiff's claim should not be dismissed.

A pleading by a pro se litigant is liberally construed under a less stringent standard of review than a formal pleading drafted by a lawyer. *Erickson*, 551 U.S. at 94 (2007). Nevertheless, a pro se filing must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (quoting *Frazier v. Wells Fargo Bank, N.A.*, 541 Fed.Appx. 419, 421 (5th Cir. 2013)). The Court need not develop the plaintiff's argument on his own behalf. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993).

## C.    *Spears* Hearings

"The purpose of a *Spears* hearing is to dig beneath the conclusory allegations of a *pro se* complaint, to ascertain exactly what the prisoner alleges occurred and the legal basis of the claims." *Matthews v. Terrebonne Parish Criminal Justice Complex*, No. 20-2069, 2021 WL 849123, at *5 (E.D. La. 2021); *Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985) (a *Spears* hearing may be held to determine whether a plaintiff's claim is

frivolous).  "Upon development of the actual nature of the complaint, it may also appear that no justiciable basis for a federal claim exists."  *Id.* at 182.  The Court may dismiss a complaint when "the plaintiff has been given an opportunity to expound on the factual allegations orally via a *Spears* hearing, but does not assert any facts which would support an arguable claim."  *Rodriguez v. Martin*, No. 93-4192, 1994, WL 399502, at *2–3 (5th Cir. 1994) (quoting *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993)) (cleaned up).

D.     **Federal Rule of Civil Procedure 41(a)(1)**

Under Rule 41(a)(1), a "plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."  FED. R. CIV. P. 41(a)(1)(A)(i).  "Unless the notice … states otherwise, the dismissal is without prejudice."  FED. R. CIV. P. 41(a)(1)(B).  An "oral dismissal of claims against defendants … is sufficient to constitute a dismissal under Rule 41(a)(1) even though there is no formal dismissal or stipulation filed with the clerk."  *Broadcast Music, Inc. v. M.T.S. Enterprises, Inc.*, 811 F.2d 278, 279 n.1 (5th Cir. 1987) (quoting *Oswalt v. Scripto, Inc.*, 616 F.2d 191, 195 (5th Cir. 1980)) (cleaned up).

A "notice of dismissal is self-effectuating and terminates the case in and of itself; no order or other action of the district court is required."  *In re Amerijet Intern., Inc.*, 785 F.3d 967, 973 (5th Cir. 2015) (citing *Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010); *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963)).  "When a Rule 41(a)(1)(A)(i) notice of dismissal becomes effective, the plaintiff may not withdraw the notice."  *Rozelle v. Lowe*, No. SA-16-cv-489-XR, 2016 WL 7228768, at *5 (W.D. Tex. 2016) (quoting *Luv N'Care, Ltd. V. Jackel Intern. Ltd.*, No. 13-1565, 2013 WL 5726052, at *1 (W.D. La. 2013); citing also Moore's Federal Practice § 41.33(6)(f) (2016)).

**E.    Prisoner Property Interests**

"Prisoners have a cognizable constitutionally protected property interest in their personal property." *Weeks v. Collier*, No. 22-10126, 2023 WL 7703823, at *5 (5th Cir. 2023); *see Eubanks v. McCotter*, 802 F.2d 790, 793–94 (5th Cir. 1986). However, "deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim, unless the State fails to provide an adequate postdeprivation remedy.'" *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004) (citation omitted). The Texas administrative and judicial systems allow prisoners to raise ordinary tort claims like conversion or an administrative remedy for lost or damaged property. *Weeks*, No. 22-10126, 2023 WL 7703823, at *5. The Fifth Circuit considers this an adequate post-deprivation remedy. *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994).

## III.    DISCUSSION

**A.    Barnes's Motion to Dismiss**

At the *Spears* hearing, Barnes requested that the Court dismiss his case; he has not served the Defendants, and no responsive pleadings have been filed. Dkt. No. 26 at 11. The Court construes Barnes's request as a motion to dismiss under Rule 41(a)(1)(A)(i). FED. R. CIV. P. 41(a)(1)(A)(i); *Joyner v. Tanner*, No. 19-00731, 2019 WL 629798, at *1 (E.D. La. 2019) *report and recommendation adopted*, No. 19-00731, 2019 WL 629792 (E.D. La. 2019) ("When a *pro se* plaintiff seeks dismissal in a situation in which Rule 41(a)(1)(A)(i) would be applicable, the fact that he fails to cite that rule ... is of no significance.").

Although a motion to dismiss under Rule 41(a)(1)(A)(i) is self-effectuating, when such a motion is made at a *Spears* hearing before a Magistrate Judge, the court typically issues a report and recommendation "to provide the circumstances surrounding the request or consent to voluntarily dismiss [the] action." *E.g. Reid v. Farmers Ins. Co.*, No. 15-5027, 2016 WL 346881, at *2 (E.D. La. 2016) *report and recommendation adopted*, No. 15-50276, 2016 WL 301917 (E.D. La. 2016) (electing to issue a report and recommendation even though plaintiff moved to dismiss under Rule 41(a)(1)(A)(i)). In the interest of justice, the Court will do so here.

As discussed above, Barnes did not clarify his claims at the *Spears* hearing; instead, he requested that the Court dismiss his case.   Dkt. No. 26 at 11.  The Court told Barnes that it would grant his request and dismiss his Complaint without prejudice.  *Id*.  The Court notified Barnes that if he were to later think that he has a case, he could file a subsequent action.  *Id*. at 11–12.   Barnes acknowledged that he understood the consequences of dismissing his case.  *Id*. at 12.

Accordingly, Barnes's Complaint [Dkt. No. 1] should be dismissed without prejudice.  FED. R. CIV. P. 41(a)(1)(B) ("Unless the notice or stipulation states otherwise, the dismissal is without prejudice.").

**B.   Barnes's Fifth Supplement Construed as a Motion to Withdraw His Motion to Dismiss**

As discussed here, Barnes's Complaint would fail even if the Court were to construe his Fifth Supplement [Dkt. No. 24] as a motion to withdraw his Motion to Dismiss and decide his case on the merits.

### i.      Barnes's Claims Against Willacy County State Jail

The capacity to sue or be sued is determined according to Texas law.  *McHenry v. Stinnett Police Dept.*, No. 2:13-cv-0228-J, 2014 WL 3728239, at \*1 (N.D. Tex. 2014) (citing FED. R. CIV. P. 17(b)(3); *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991)).  "Willacy County State Jail … is not a juridical entity that can be sued." *Gomez v. Willacy Cnty. Jail*, No. 1:19-170, 2020 WL 6158767, at \*2 (S.D. Tex. 2020) (Morgan, J) (citing *McHenry*, No. 2:13-cv-0228-J, 2014 WL 3728239, at \*1; *Wright v. El Paso Cnty. Jail*, 642 F.2d 136, 136 n.3 (5th Cir. 1981)).

### ii.      Deprivation of Property

Barnes alleges that Warden Vigilante and Officer Nieto failed to protect his property at intake by allowing the "SSIs" and "Spanish inmates" to access it.  Dkt. No. 26 at 5.  Barnes alleges that "inmates are not allowed to go through another inmate's property without supervision." *Id.*

Nevertheless, "a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met." *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). Constitutional due process is satisfied here because the Texas tort of conversion provides Barnes with an adequate post-deprivation remedy. *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009); *Murphy*, 26 F.3d at 543.

## IV.    RECOMMENDATION

For the foregoing reasons, it is recommended that the Court: (1) **DISMISS WITHOUT PREJUDICE** Barnes's Complaint [Dkt. No. 1]; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## V.    NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

**SIGNED** on this **11th** day of **June, 2026** at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**